United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO SABINA GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-653 |
| | § | |
| KROME NORTH SERVICE PROCESSING CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Armando Sabina Gonzalez is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. His daughter, Amanda Yasira Sabina Colón, filed a petition on her father's behalf "as next friend." (Pet., Doc. 1, 1) The record does not reflect that Ms. Sabina is a licensed attorney.

The Court ordered Petitioner and Sabina to show cause, by no later than June 25, 2026, as to why Sabina could litigate on Petitioner's behalf. (Order, Doc. 13) Neither Petitioner nor Sabina filed a response.

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This statute "guarantees parties the right to proceed pro se in federal court[.]" *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). In other words, "a party can represent himself or be represented by an attorney." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Section 1654, however, does not permit a party to be "'represented by a nonlawyer,' [ ] because the statute does not include the phrase, 'or by a nonlawyer.'" *Raskin*, 69 F.4th at 283 (quoting *Gonzalez*, 157 F.3d at 1021)). "Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him." *Raskin*, 69 F.4th at 283.

Federal Rule of Civil Procedure 17(c)(2) enables a non-lawyer to litigate as a next friend on behalf of a "minor or incompetent person[.]" "Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (cleaned up) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)). The records submitted by Ms. Sabina indicate that Armando Sabina González lived in Florida prior to being detained, making the state his domicile. *See Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A]n incarcerated person resides in the district where he was legally domiciled before his incarceration.").

Under Florida law, "[t]o be a next friend one 'must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf.'" *Durocher v. Singletary*, 623 So. 2d 482, 485 (Fla. 1993) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). Moreover, a next friend has the burden "to establish the propriety of his status and thereby justify the jurisdiction of the court." *Durocher*, 623 So. 2d at 485 (quoting *Whitmore*, 495 U.S. at 164). The Petition states that Armando Sabina González "is effectively unable to access the court or meaningfully participate in his own legal defense due to severe restrictions at [the detention facility]." (Pet., Doc. 1, 2) But the Petition does not provide an adequate explanation as to why Armando Sabina González cannot appear on his own behalf. Accordingly, it is:

**ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) filed on behalf of Petitioner Armando Sabina Gonzalez is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

The Clerk of Court is directed to close this case.

Signed on July 8, 2026.

Fernando Rodriguez, Jr.
United States District Judge